IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWN CARL GAITAN (01)<br>SANDERSON ANTONIO MONTILLA (02)<br>JESUS SALAIZ (03)<br>MARCELINO BERUMEN (04)<br>SHY ANNE ROGERS (05)<br>JOHN ERIC RETIZ (06)<br>DUSTY RAQUEL DUDLEY (07)<br>CHRISTOPHER DALE CROMWELL (08)<br>GLORIA ELIZABETH AGUILAR (09)<br>SHANE EDWARD DISPENNETT (10)<br>LANCE WADE ALLEN (11) | Case No. 6:20-CR-97<br>JUDGES JCB/JDL<br><br>**SEALED** |

**FILED DEC 16 2020** Clerk, U.S. District Court Texas Eastern

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT 1

Violation: 21 U.S.C. § 846
(Conspiracy to possess with the intent to distribute and distribution of a controlled substance (methamphetamine))

From in or about April 2018, the exact date being unknown to the Grand Jury, and continuing thereafter until the date of this indictment, in the Eastern District of Texas and elsewhere, **Shawn Carl Gaitan, Sanderson Antonio Montilla, Jesus Salaiz, Marcelino Berumen, Shy Anne Rogers, John Eric Retiz, Dusty Raquel Dudley, Christopher Dale Cromwell, Gloria Elizabeth Aguilar, Shane Edward Dispennett**, and **Lance**

Indictment – Page 1

**Wade Allen**, defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to violate a law of the United States of America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute and distribution 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of 21 U.S.C. § 846.

## COUNTS 2-5

Violation: 18 U.S.C. § 924(c)
(Possession of a firearm in furtherance of a drug trafficking crime)

On or about the dates listed below, in the Eastern District of Texas, the defendants listed below, did knowingly use and carry a firearm or firearms during and in relation to, and did knowingly possess the firearm or firearms in furtherance of, a drug trafficking crime for which he or she may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846, as charged in Count 1:

| Count | Date | Defendant(s) | Firearm(s) |
|---|---|---|---|
| 2 | November 20, 2019 | **Dusty Raquel Dudley** | Smith & Wesson model SD 9mm handgun (stolen) |
| 3 | December 9, 2019 | **Marcelino Berumen** | Cimarron F.A. C.O. Model M1911-A1 .45 caliber handgun |
| 4 | December 17, 2019 | **Dusty Raquel Dudley** | Winfield Arms MAR Brevete Model C .380 handgun |
| 5 | January 6, 2020 | **Sanderson Antonio Montilla** | Smith & Wesson Model 5906 9mm handgun |

Indictment – Page 2

In violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 6

Violation: 18 U.S.C. § 922(g)(1)
(Felon in possession of a firearm)

On or about January 6, 2020, in the Eastern District of Texas, defendant **Sanderson Antonio Montilla**, knowing that he had been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit:

1. Aggravated Robbery, a felony, in Cause No. 97544 before the 252nd District Court in Jefferson County, Texas on February 21, 2007;
2. Possession of a Controlled Substance, Penalty Group 1, a felony, in Cause No. 17772 before the 344th District Court in Chambers County, Texas on July 9, 2014;
3. Unauthorized Use of a Vehicle, a felony, in Cause No. 14-20062 before the 252nd District Court in Jefferson County, Texas on October 27, 2014;
4. Possession of a Controlled Substance, Penalty Group 4, a felony, in Cause No. 14-20063 before the 252nd District Court in Jefferson County, Texas on October 27, 2014;

did knowingly and unlawfully possess in and affecting interstate commerce, a firearm, to wit: a Smith & Wesson Model 5906 9mm caliber handgun, said firearm having been shipped and transported in interstate commerce.

In violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) & 28 U.S.C. § 2461

As the result of committing the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3. any and all firearms, ammunition and accessories seized from the defendants, including, but not limited to the following:

**Firearms and Ammunition:**

(a) Cimarron F.A. C.O. Model M1911-A1 .45 caliber handgun, serial number C001227
(b) Winfield Arms MAR Brevete Model C .380 caliber handgun, serial number 311061
(c) Multiple rounds of .45 caliber ammunition
(d) Multiple rounds of .380 caliber ammunition

**Cash Proceeds:**

A sum of money equal to $50,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offense(s) alleged in this indictment, for which the defendants are personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value or;
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

A TRUE BILL,

_____12/16/20_____
Date

_____MKF_____
FOREPERSON OF THE GRAND JURY

STEPHEN J. COX
UNITED STATES ATTORNEY

_____[signature]_____
D. RYAN LOCKER
ASSISTANT U.S. ATTORNEY
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWN CARL GAITAN (01)<br>SANDERSON ANTONIO MONTILLA (02)<br>JESUS SALAIZ (03)<br>MARCELINO BERUMEN (04)<br>SHY ANNE ROGERS (05)<br>JOHN ERIC RETIZ (06)<br>DUSTY RAQUEL DUDLEY (07)<br>CHRISTOPHER DALE CROMWELL (08)<br>GLORIA ELIZABETH AGUILAR (09)<br>SHANE EDWARD DISPENNETT (10)<br>LANCE WADE ALLEN (11) | Case No. 6:20-CR-97<br>JUDGES JCB/JDL<br><br>**SEALED** |

## NOTICE OF PENALTY

### COUNT 1

| | |
|---|---|
| Violation: | 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute and distribution of a controlled substance (methamphetamine)) |
| Penalty: | If more than 50 grams of actual methamphetamine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 5 years, but not more than life; |
| | If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not less than 15 years and not more than life; a fine not to exceed $20,000,000, or both; and a term of supervised release of at least 10 years. |
| | If a defendant has two previous final convictions for felony drug offenses, said defendant shall be imprisoned not less than 25 years and not more than |

|  |  |
|---|---|
|  | life; fined up to $20,000,000, or both; and a term of supervised release of at least 10 years. |
| Special Assessment: | $100.00 |

## COUNTS 2-5

|  |  |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for not less than 5 years and not more than life, which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |

## COUNT 6

|  |  |
|---|---|
| Violation: | 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Felon in possession of a firearm or firearms) |
| Penalty: | Imprisonment for not more than 10 years; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 3 years. |
|  | If a defendant has three prior convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be imprisoned not less than 15 years and not more than life. |
| Special Assessment: | $100.00 |