**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:20-CR-00097-JCB-JDL** |
| **vs.** | § | |
| | § | |
| | § | |
| **SHANE EDWARD DISPENNETT (10)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On June 25, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Ryan Locker.  Defendant was represented by Assistant Federal Defender David Barlow.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), a Class A felony, Shane Edward Dispennett was sentenced on January 11, 2022, by United States District Judge J. Campbell Barker.  The offense carried a statutory maximum imprisonment term of life.  The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of III, was 78 to 97 months.  The Court granted a variance based on the First Step Act under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 and sentenced Defendant to imprisonment for a term of 72 months, followed by a 5-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure, substance abuse treatment, testing and acquiring a high school equivalency certificate.  Defendant completed his term of

1

imprisonment and started his term of supervised release on January 21, 2025.  On May 21, 2025, the Court modified Defendant's conditions to include mental health treatment.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on July 29, 2025, United States Probation Officer Ellie Valdelamar alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  He must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant submitted urine specimens on January 23, 2025 and May 13, 2025, that tested positive for methamphetamine (confirmed positive by the lab).  It is also alleged that Defendant submitted a urine specimen on July 2, 2025, that tested positive for marijuana (confirmed positive by the lab).

2. **Allegation 2 (standard condition 5): The defendant must live at a place approved by the probation officer.  If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.**  It is alleged that Defendant moved out of his residence on or about July 12, 2025, without notifying the probation officer, leaving his whereabouts unknown.

3. **Allegation 3 (special condition): The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged.  This includes taking any mental health medical as prescribed by the treating physician.  The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program.  The defendant must pay any cost associated with treatment and testing.**  It is alleged that Defendant failed to attend mental health treatment for the months of June 2025 and July 2025.

4. **Allegation 4 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program.  The defendant must pay any cost associated with treatment and testing.**  It is alleged that Defendant failed to attend substance abuse treatment for the months of June 2025 and July 2025.

2

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 5 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was III.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 8 to 14 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting positive urine specimens, possessing marijuana, failing to notify the probation officer of a change of residence, and failing to attend mental health treatment and substance abuse treatment, as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On June 25, 2026, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 11 months to be followed by a 2-year term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 11 months to be followed by a 2-year term of supervised release.  Through an individualized assessment, I determined that a 2-year term of supervised release is warranted.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 11 months to be followed by a 2-year term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected

4

credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 11 months to be followed by a 2-year term of supervised release.

So ORDERED and SIGNED this 25th day of June, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE